UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**STEVE WHITE**                                                          **CIVIL ACTION**

**versus**                                                                **NO. 06-1781**

**NORTH AMERICAN MARINE**                                                 **SECTION C**
**GENERAL INSURANCE CO. LTD AND**
**INTERNATIONAL WATER SAFETY FOUNDATION**

## ORDER AND REASONS

This matter comes before the Court on Motion for Judgment of Default filed by the plaintiff, Steve White ("Plaintiff"), against the Defendants, North American Marine & General Insurance Co., Ltd, and International Water Safety Foundation, (collectively referred to as the "Defendants") . The motion is before the court on briefs, without oral argument. Having considered the memoranda of counsel, the record, and the applicable law, the Court finds that the Motion for Judgment of Default should be partially granted for the following reasons.

The Court accepts the well pleaded allegations of facts of the complaint on motion for default judgment. *Nishimatsu Construction Co. v. Houston National Bank*, 515 F.2d 1200 (5th Cir. 1975). Conduct on which liability is based may be taken as true as a consequence of the default. *Frame v. S-H, Inc.*, 967 F.2d 194 (5th Cir. 1992). A plaintiff is not entitled to default judgment as a matter of right. J.W. Moore, 10 Moore's Federal Practice § 55.20[2] (1997). The Court may consider whether

the defaulting parties failure to plead was technical or de minimus or dilatory or in bad faith, the possibility of prejudice to the plaintiffs, the merits of the plaintiff's substantive claim, the sufficiency of the complaint, the sum at stake, and whether the default was due to excusable neglect. *Id*. According to Wright & Miller, an application under Rule 55(b)(2) requires the district judge to exercise "sound discretion" in determining whether judgment should be entered. C. Wright, A. Miller & M. Kane, 10 Federal Practice & Procedure: Civil 2d § 2685 (1997). Among the factors the Court can consider in determining whether to enter a default judgment is the amount of money involved and whether the court "thinks it later would be obliged to set aside the default on defendant's motion." *Id*.

Rule 54(c) provides that "A judgment by default shall not be different in kind from or exceed in amount that prayed for in the demand for judgment." In his complaint, the Plaintiff argues that the Defendants, North American Marine & General Insurance Co., Ltd, and International Water Safety Foundation, issued him a Group Wet Ocean Marine Policy covering the M/V Front Runner, which policy bears Policy No. GWOMMP 010977, and that the Defendants have refused to pay him for damage to his vessel in the amount of $44,000.00 resulting from Hurricane Katrina. (Rec. Doc. 1 at 2-3.) Plaintiff states that Defendants failed to provide him with a copy of the insurance policy at the time it was issued, and now deny coverage, stating that there was a "hurricane exclusion," in spite of the insurance certificate stating that the "policy is for full coverage." (Rec. Doc. 1 at 3; Exhibit B to Plaintiff's Motion.) Louisiana law requires that an insurer deliver every policy to the insured within a reasonable time after its issuance. La. R.S. 22:634(A). If a policy has not been delivered to the insured or an agent of the insured, an insurer cannot rely on certain policy exclusions contained in the policy. *Louisiana Maintenance Services, Inc. v. Certain Underwriters*

*at Lloyd's of London*, 616 So.2d 1250, 1252-1253 (La. 1993). Therefore, any exclusion for hurricanes in the original policy is invalid. Plaintiff argues that the Defendants' refusal to pay his claim constitutes a breach of the marine insurance contract. Plaintiff also argues that Defendants breached their duty of good faith and fair dealing owed to the Plaintiff under La. R.S. 22:658. (Rec. Doc. 1 at 3-4.)

The Court finds that the facts alleged in the complaint, taken as true, support some of the plaintiff's claims for purposes of the present motion. Plaintiff has requested a default judgment in the amount of $55,000.00, $44,000.00 of which is for the value of his boat, and $11,000.00 of which is in penalties. Plaintiff purchased his boat for $44,000.00, and the Certificate of Insurance lists the boat's value at $44,000.00. Plaintiff has provided adequate proof of the value of his boat, and the Court finds that the amount of $44,000.00 for the value of the Plaintiff's boat is appropriate and fair. Thus, the Plaintiff is entitled to the amount of $44,000.00, to be paid by the Defendants.

Plaintiff also argues he is entitled to damages in the amount of $11,000.00 under La. R.S. 22:658, which provides that an insurer's arbitrary or capricious failure to pay the amount of any claim within thirty days after receipt of satisfactory proofs of loss shall subject the insurer to "a penalty, in addition to the amount of loss, of twenty-five percent damages on the amount found to be due from the insurer to the insured." Twenty-five percent of $44,000.00 is $11,000.00. To be subject to a penalty, an insurer must have willfully refused to pay a claim without a good faith defense. *Louisiana Maintenance Services, Inc.*, 616 So.2d at 1252-1253. The Court does not find that Plaintiff has presented sufficient evidence to demonstrate that the insurers willfully refused to pay the Plaintiff's claim without a good faith defense. Letters from the Defendants, attached to Plaintiff's Motion as Exhibits D & E, indicate that the Defendants did not believe they owed the

Plaintiff money under the claim because they believed (1) they mailed him a copy of his policy stating the hurricane exclusion; and (2) that payment was precluded by the hurricane exclusion. Without additional evidence, this Court cannot conclude that the Defendants acted in bad faith. Therefore, the Plaintiff is not entitled to the additional sum of $11,000.00. Accordingly,

IT IS ORDERED that the Motion for Judgment of Default filed by the plaintiff, Steve White, is PARTIALLY GRANTED and PARTIALLY DENIED.

IT IS FURTHER ORDERED that defendants North American Marine & General Insurance CO. Ltd., and International Water Safety Foundation are liable to plaintiff Steve White in the amount of $44,000.00, plus judicial interest from the date of filing and costs of these proceedings.

New Orleans, Louisiana, this 12th day of July, 2006.

_____
Judge Helen G. Berrigan
United States District Judge